Slip Op. 17-6

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CALGON CARBON CORPORATION, and CABOT NORIT AMERICAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> ALBEMARLE CORPORATION, NINGXIA HUAHUI ACTIVATED CARBON CO., LTD., NINGXIA GUANGHUA CHERISHMET ACTIVATED CARBON COMPANY, LTD., CARBON ACTIVATED CORPORATION, JACOBI CARBONS AB, and JACOBI CARBONS, INC., <br><br> Defendant-Intervenors. | **Before: Jane A. Restani, Judge** <br><br> **Consol. Court No. 14-00326** |

**OPINION**

[Commerce's final results of second redetermination in antidumping duty review sustained.]

Dated: January 27, 2017

David A. Hartquist, John M. Herrmann, II, Melissa M. Brewer, and R. Alan Luberda, Kelley Drye & Warren, LLP, of Washington, DC, for plaintiffs.

Peter A. Gwynne, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.  Of counsel on the brief was Michael T. Gagain, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Jeffrey S. Grimson, Jill A. Cramer, Kristin H. Mowry, Sarah M. Wyss, Yuzhe PengLing, and James C. Beaty, Mowry & Grimson, PLLC, of Washington, DC, for defendant-intervenors Albemarle Corporation and Ningxia Huahui Activated Carbon Co., Ltd.

      Francis J. Sailer and Dharmendra N. Choudary, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of Washington, DC, for defendant-intervenor Ningxia Guanghua Cherishmet Activated Carbon Company, Ltd.

      Gregory S. Menegaz, J. Kevin Horgan, and Alexandra H. Salzman, deKieffer & Horgan PLLC, of Washington, DC, for defendant-intervenor Carbon Activated Corporation.

      Daniel L. Porter, Claudia D. Hartleben, and Tung A. Nguyen, Curtis, Mallet-Prevost, Colt & Mosle LLP, of Washington, DC, for defendant-intervenors Jacobi Carbons AB and Jacobi Carbons, Inc.

      Restani, Judge: This matter is before the court following a second remand to the United States Department of Commerce ("Commerce") in Calgon Carbon Corp. v. United States, Slip Op. 16-107, 2016 WL 6819732 (Nov. 18, 2016) ("Calgon II"). The court presumes familiarity with its prior decisions concerning the sixth annual administrative review of the antidumping ("AD") duty order on certain activated carbon from the People's Republic of China. Id.; Calgon Carbon Corp. v. United States, 145 F. Supp. 3d 1312, 1328 (CIT 2016) ("Calgon I"). In Calgon II, the court remanded to Commerce its selection of a surrogate value ("SV") for anthracite coal to either "further explain[] its selection methodology and bas[e] that explanation on the record evidence" or "choos[e] its other selection methodology based on import volume." 2016 WL 6819732, at *13. And, although the court sustained Commerce's assignment of a separate rate to Shanxi DMD Corporation ("Shanxi DMD"), it clarified that if Commerce changed its selection of an SV for anthracite coal, then "any resulting changes resulting to the value of the separate rate should be reflected in the rate ultimately assigned to Shanxi DMD." Id. at *3; see also Calgon I, 145 F. Supp. 3d at 1319–23 (discussing the separate rate issue).

      In the Final Results of [Second] Redetermination Pursuant to Court Remand 5–6, ECF No. 128 ("Second Remand Results"), Commerce relied on its import volume selection methodology to select an SV for anthracite coal of $0.19 per kilogram, using Global Trade Atlas

("GTA") data from South Africa that is contemporaneous with the present sixth period of review ("POR6-contemporaneous"). See Calgon II, 2016 WL 6819732, at *9. By comparison, the court had twice previously remanded Commerce's selection of an SV for anthracite coal. Initially, it remanded Commerce's selection of the $0.05 per kilogram SV based on Philippine GTA data contemporaneous with the preceding fifth POR in Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2012-2013, 79 Fed. Reg. 70,163, 70,163 (Dep't Commerce Nov. 25, 2014) and later remanded Commerce's selection of the $0.33 per kilogram SV based on POR6-contemporaneous Thai GTA data in the Final Results of [First] Redetermination Pursuant to Court Remand, ECF No. 97. Due to its current use of the POR6-contemporaneous South African GTA data, Commerce calculated an AD duty margin for both mandatory respondents, resulting in a margin of $0.18 per kilogram for Jacobi Carbons AB and $0.28 per kilogram for Ningxia Guanhua Cherishmet Activated Carbon Co., Ltd. Second Remand Results at 6–7. As a result of these changes, Commerce also recalculated the separate rate margin and applied a margin of $0.22 per kilogram for all separate rate companies, including Shanxi DMD. Id. at 5, 11–12.

Before the court, no party filed comments challenging Commerce's Second Remand Results. Instead, defendant-intervenors Albemarle Corporation and Ningxia Huahui Activated Carbon Co., Ltd. were the only parties to timely file comments,[1] in which they "concur[red] with . . . Commerce's Second Remand Results" and "request[ed] that the Court affirm Commerce's Second Remand Results on an expedited basis." Def.-Intrvnrs. Albemarle Corp. & Ningxia

---

[1] The deadline to file objections to Commerce's Second Remand Results was January 23, 2017. Calgon II, 2016 WL 6819732, at *13.

Huahui Activated Carbon Co., Ltd. Cmts. on Final Results of Redetermination Pursuant to Ct. Remand 1, ECF No. 130.

     Commerce's <u>Second Remand Results</u> comply with the court's remand order and are supported by substantial evidence.  First, Commerce relied on the POR6-contemporaneous South African GTA data for anthracite coal as the best available information by using a tie-breaking selection methodology based on import volume to select between equally reliable SV data sources.  <u>Second Remand Results</u> at 5.  Commerce properly reasoned that under this methodology South Africa had the highest volume of imports of anthracite coal during the POR, thereby "demonstrat[ing] a much broader market average for this input" as compared to other potential SV sources.  <u>Id.</u> at 5–6 & n.26.  Second, Commerce complied with the court's direction to recalculate the separate rate, resulting from any changes due to the selection of a new SV for anthracite coal.  <u>Id.</u> at 5, 11–12 (calculating a margin of $0.22 per kilogram for all separate rate companies).

     For these reasons, the court sustains Commerce's <u>Second Remand Results</u>.  Judgment will enter accordingly.

                                                       <u>/s/ Jane A. Restani</u>
                                                             Jane A. Restani
                                                                   Judge

Dated: January 27, 2017
      New York, New York